**Ely Nilson CORTEZ–GUEVARA,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 99–71026.

I & NS No. A74–399–942.

United States Court of Appeals,
Ninth Circuit.

---

6. See id.

Submitted Feb. 16, 2001.*

Decided March 8, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM **

Petition to Review a Decision of the Immigration and Naturalization Service

We find insufficient evidence in the record to support the Board of Immigration Appeal's ("BIA's") decision and therefore reverse its denial of Ely Nilson Cortez–Guevara's application for asylum. As the parties are familiar with the factual and procedural history of this case, we do not recount them here.

1. The BIA improperly faulted the IJ for relying on a "single vague threat" as evidence of persecution. Cortez–Guevara, a citizen of El Salvador, described the threat with reasonable specificity, and the IJ fully credited his testimony. He identified what

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

his assailants planned to do (kill him), why they planned to do it (as retribution for his family's role in the civil war), and even when they planned to carry it out (at the first available opportunity). The BIA did not reverse the IJ's credibility finding but discounted the threat because it came only once. That the threat occurred a single time does not, however, render Mr. Cortez–Guevara's fear any less reasonable. *Arteaga v. INS,* 836 F.2d 1227, 1233 (9th Cir.1988); *see also Ernesto Navas v. INS,* 217 F.3d 646, 658 (9th Cir.2000). Thus, the BIA erred when it found the threat insufficient as a matter of law to support his claim for asylum.

■ 2. The record shows that the three men who threatened Mr. Cortez–Guevara were known to be former guerrillas, and that members of Mr. Cortez–Guevara's family had fought for the government during El Salvador's protracted civil war. On this evidence, the IJ was entitled to conclude that the guerrillas imputed his family's pro-government political opinion to Mr. Cortez–Guevara. Because the BIA gave no reason for rejecting this conclusion, we find that Mr. Cortez–Guevara demonstrated persecution on account of an imputed political opinion, a recognized basis for granting asylum. *Ernesto Navas,* 217 F.3d at 659; *Vera–Valera v. INS,* 147 F.3d 1036, 1038 (9th Cir.1998).

■ 3. The BIA improperly criticized the IJ for failing to take note of an observation in a State Department Country Report that no political killings were confirmed in El Salvador in 1995, and also for not taking into account the changed country conditions following the 1992 peace accords. The events Mr. Cortez–Guevara described took place in 1996, *after* the period reviewed by the State Department Report and well after the conclusion of the civil war. Furthermore, that same Report recognized the existence of "threats,

harassment, and even murder by ex-guerrillas"involving "the settling of continuing personal and institutional animosities by ex-combatants." Thus, the evidence the BIA cited was either not relevant or opposite to its conclusion that Mr. Cortez–Guevara did not have a reasonable fear of persecution.

■ 4. Finally, the BIA erred when it faulted Mr. Cortez–Guevara for not reporting the threat to the police or attempting to relocate elsewhere in El Salvador. The record clearly shows that Mr. Cortez–Guevara was a minor when these events occurred; that he promptly reported the threat to his mother; that he had no family living anywhere else in El Salvador; and that he did have family living in the United States. The BIA's expectations that, while still a minor, Mr. Cortez–Guevara should have gone to the authorities on his own or left his home and family to live by himself in order to evade a credible death threat are unreasonable and may not serve as a basis for denying asylum in this case.

5. For the foregoing reasons, we find that Mr. Cortez–Guevara demonstrated his eligibility for asylum. Consequently, Mr. Cortez–Guevara's petition for review is GRANTED, the BIA's decision is REVERSED, and the case is hereby REMANDED for exercise of discretion.